UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY GRANT, JR., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>PATRICK COVELLO, *et al.*, <br><br>　　　　　Defendants. | Case No.  2:21-cv-01878-JDP (PC) <br><br>SCREENING ORDER THAT PLAINTIFF: <br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR <br><br>(2) FILE A SECOND AMENDED COMPLAINT <br><br>ECF No. 11 <br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff alleges that defendants Covello, Pern, Davenport, and Hernandez violated his rights under the Eighth Amendment by denying him adequate medical care for an injured knee. ECF No. 11 at 3.  His allegations are too vague to proceed past screening.  I will give plaintiff a final opportunity to amend before recommending this action be dismissed.[1]

---

[1] Plaintiff's operative complaint is titled "Second Amended Complaint." ECF No. 11.  It is, in fact, his first amended complaint

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, on December 3, 2020, he slipped on a puddle in a gym at Mule Creek State Prison. ECF No. 11 at 2-3. His central allegation is that, on January 8, 2021, and before he underwent surgery for his injury, defendants Hernandez (a nurse) and Davenport and Pern (correctional officers) denied him medical attention. *Id.* at 3. These allegations are too vague to state a cognizable Eighth Amendment claim against any defendant. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff has failed to describe what each defendant did (or failed to do), how each was responsible for his care, and how each was aware of his need for care that they were able to provide.

Plaintiff may amend his complaint to address these shortcomings. If he chooses to do so, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

I will also deny plaintiff's motion for settlement and to compel, ECF No. 15, as premature. No defendant has yet been served and issues of settlement and discovery—including, as plaintiff seeks here, expert evaluation of his injury—may be revisited once viable claims are finalized and defendants have been served.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file another Amended Complaint or advise me that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4. Plaintiff's motion for settlement and to compel, ECF No. 15, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 8, 2022                                        _____
                                                                      JEREMY D. PETERSON
                                                                       UNITED STATES MAGISTRATE JUDGE