UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY GRANT JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK COVELLO, *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-01878-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 19<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff, a state prisoner, alleges that defendants violated his Eighth Amendment rights by denying him adequate medical care for an injured knee. His allegations are too vague and conclusory, however, to give adequate notice to any defendant. I will give plaintiff one final opportunity to amend so that he may make his allegations with sufficient specificity.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he injured his knee in December of 2020 and that defendants forced him to wait 47 days without pain medication. ECF No. 19 at 1. He lists multiple defendants, including an unnamed chief surgeon and as many as ten other "Doe" defendants, but does not adequately describe what role any of these individuals had in delaying his treatment or denying him pain medication. *Id.* at 3. His claims against defendants Hernandez, Covello, Davenport, and Gates are similarly deficient.

With respect to defendant Hernandez, a nurse, he alleges only that on some unidentified day he presented to her with knee pain, at which point she told him that there was nothing she could do for him. *Id.* at 5. This allegation, taken as true, does not establish that Hernandez acted with deliberate indifference. To the contrary, the allegation is ambiguous insofar as it can be

1 interpreted as either an unwillingness to help plaintiff or a simple assertion of inability.

2      Defendant Davenport was a correctional officer and, thus, not responsible for plaintiff's

3 medical care.  The only allegations against this defendant are that he forced plaintiff away from

4 the medical unit after providers indicated that they would not be treating him.  *Id.*  Davenport then

5 swore at plaintiff.  *Id.*  These allegations do not amount to a constitutional violation.

6      Defendant Covello is the warden of Mule Creek State Prison, and plaintiff alleges that he

7 is responsible for all employees and operations.  *Id.* at 4.  There is no *respondeat superior* liability

8 under section 1983, however, and plaintiff does not allege that Covello had any personal

9 involvement in his care.  *See Bell v. Clackamas County*, 341 F.3d 858, 867 n.3 (9th Cir. 2003)

10 (citing Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)).

11      As to defendant Gates, plaintiff alleges only that this defendant denied his medical

12 administrative grievances.  *Id.* at 6.  Answering grievances, standing alone, does not give rise to a

13 constitutional violation.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

14      Plaintiff may amend his complaint address the foregoing deficiencies.  If plaintiff decides

15 to file an amended complaint, the amended complaint will supersede the current complaint.  *See*

16 *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the

17 amended complaint will need to be complete on its face without reference to the prior pleading.

18 *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no

19 longer serves any function.  Therefore, in an amended complaint, as in an original complaint,

20 plaintiff will need to assert each claim and allege each defendant's involvement in sufficient

21 detail.  The amended complaint should be titled "Third Amended Complaint" and refer to the

22 appropriate case number.

23      Accordingly, it is ORDERED that:

24     1. Within thirty days from the service of this order, plaintiff must either file an amended

25 complaint or advise the court that he intends to stand by his current complaint.

26     2. Failure to comply with this order may result in the dismissal of this action.

27     3. The Clerk of Court is directed to send plaintiff a section 1983 complaint form.

28

IT IS SO ORDERED.

Dated:  December 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE