1
2
3
4
5
6
7             UNITED STATES DISTRICT COURT
8          FOR THE EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| BOBBY RAY GRANT, JR., | Case No. 2:21-cv-01878-JDP (PC) |
| Plaintiff, | ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| PATRICK COVELLO, *et al.*, | FINDINGS AND RECOMMENDATIONS THAT THE THIRD AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | ECF No. 21 |
| | FOURTEEN-DAY DEADLINE FOR OBJECTIONS |

Plaintiff, a state prisoner, has filed a third amended complaint that contains two unrelated claims, neither of which is cognizable. I have found three of plaintiff's earlier complaints insufficient to proceed past screening. ECF Nos. 8, 16, & 20. In my last screening order, I warned plaintiff that he would have one final opportunity to amend. ECF No. 20 at 1. Plaintiff's third amended complaint, like its predecessors, fails to state a cognizable claim. I now recommend that this action be dismissed for failure to state a claim.

**Screening Order**

### I.     Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II.    Analysis

Plaintiff's third amended complaint contains two separate and unrelated claims. First, he alleges that defendant Hernandez, a registered nurse, failed to offer him adequate pain relief for a knee injury. ECF No. 21 at 3. He provides no specifics as to either the nature of the injury or his

medical interactions with Hernandez. *Id.* He alleges only that she was disrespectful and used profanity with him. *Id.* These allegations, while perhaps describing a lack of professionalism, do not show deliberate indifference to serious medical needs. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment, standing alone, does not violate the constitution).

Second, plaintiff alleges that defendant Davenport, a correctional officer, authored a rules violation report against him that contained "hearsay." *Id.* at 4. To the extent he alleges that the rules violation report violated prison regulations, plaintiff fails to state a claim. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (California prison regulations do not give rise to constitutional claims.). Similarly, a false rules violation report does not, on its own, give rise to a constitutional violation. *See Lopez v. Celaya*, C 06-5071 TEH (PR), 2008 U.S. Dist. LEXIS 8898, 2008 WL 205256, *5 (N.D. Cal. 2008) ("A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest."). The only link between this claim and the alleged denial of adequate medical care is that Davenport allegedly admitted that the rules violation was issued because of plaintiff's disrespect toward defendant Hernandez. ECF No. 21 at 4. Plaintiff claims that Davenport's actions were retaliatory and, therefore, violative of his First Amendment rights. *Id.* A valid first Amendment retaliation claim, however, requires that the retaliation be undertaken as reprisal for some protected conduct. *See O'Brian v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (explaining that a claimant bringing a First Amendment retaliation claim must show, among other elements, that he was engaged protected activity). Here, plaintiff does not allege any protected conduct; he claims only that he exchanged insults and profanity with defendant Hernandez.

In what might be another, separate claim, plaintiff alleges that defendants Davenport and Pern wrote other, unspecified rules violation reports against him and even threatened him with "felony prosecution" if he continued to call "man down." ECF No. 21 at 5. These allegations are too vague to state a claim. Plaintiff provides no details as to these other rules violation reports or the circumstances that led to the alleged threat of felony prosecution. Absent any specific, factual allegations, I find that plaintiff has failed to comply with federal pleading standards. *See Bell*

3

1 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to
2 raise a right to relief above the speculative level . . . .").
3     This is plaintiff's third amended complaint, and he is no closer to bringing a viable claim
4 that can proceed past screening.  Accordingly, I find that continuing to offer him leave to amend
5 would be futile.
6     Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this action.
7     Further, it is RECOMMENDED that the Third Amended Complaint, ECF No. 22, be
8 DISMISSED without further leave to amend and for failure to state a claim.
9     These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14 objections shall be served and filed within fourteen days after service of the objections.  The
15 parties are advised that failure to file objections within the specified time may waive the right to
16 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
17 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4